IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE LAMPLUGH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-218 (MN) |
| ) | |
| PFB ENERGY d/b/a Delaware City Refining ) | |
| Company LLC, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM OPINION

George Lamplugh, Glen Mills, Pennsylvania. Pro Se Plaintiff.

Peter L. Frattarelli, ARCHER & GREINER, P.C., Wilmington, Delaware. Counsel for Defendants.

January 28, 2020
Wilmington, Delaware

*signature: Maryellen Noreika*

**NOREIKA, U.S. District Judge**:

Plaintiff George Lamplugh ("Plaintiff"), who appears *pro se* filed this action on February 1, 2019. (D.I. 2). The Court has jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of the parties. Before the Court is Defendants motion to partially dismiss the Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 17). Plaintiff opposes. The matter has been fully briefed.

## I.  BACKGROUND

The original Complaint (D.I. 2), together with the Amended and Supplemental Pleadings (D.I. 15), comprise the operative pleading. Plaintiff alleges that he applied for employment as a refinery operator with Defendant Delaware City Refining Company ("DCRC"),[1] accepted an offer of employment on January 13, 2016, and was scheduled to begin work on February 16, 2016. (D.I. 2 at 6). On February 10, 2016, Plaintiff was informed by DCRC human resources that DCRC was rescinding its employment offer "based on information brought to the attention of human resources from a former supervisor." (*Id.*). The identity of the supervisor was not disclosed, but Plaintiff believes that the information was provided by Defendant Brian Miller ("Miller") a current DCRC employee, who supervised Plaintiff when they were both employed at the Sunoco Company. (*Id.*). Plaintiff alleges that Miller was involved in the termination of Plaintiff's employment with Sunoco and was also the main witness during the arbitration proceedings that followed. (*Id.*).

Plaintiff raises seven claims: (1) breach of contract against DCRC; (2) tortious interference with contractual relations against DCRC and Miller; (3) tortious interference with

---

[1] Defendants indicate that DRCR is improperly named as PBF Energy d/b/a Delaware City Refining Company LLC. (D.I. 17 at 1).

1

prospective economic advantage against DCRC and Miller; (4) promissory estoppel against DCRC; (5) civil conspiracy against DCRC and Miller; (6) breach of implied covenant of good faith and fair dealing against DCRC; and (7) slander and libel against DCRC and Miller.[2]

With the exception of the claim in Count 4 raised against DCRC, Defendants move to dismiss all other claims for failure to state claims upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 17).

## II. LEGAL STANDARDS

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). The Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide

---

[2] In his oppositions to the motion to dismiss, Plaintiff identifies against whom the claims are raised and concedes dismissal is appropriate on the claims raised against Miller in Claims 1, 4, and 6. (*See* D.I. 19; D.I. 22). In addition, he dismisses all claims against Messick. (*Id.*).

sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson, v. Pardus*, 551 U.S.89, 94 (2007) (citations omitted).

## III. DISCUSSION

Plaintiff raises several claims, some with competing theories. The Federal Rules of Civil Procedure allow for alternative and inconsistent claims to be made in a complaint. *See* Fed. R. Civ. P. 8(d)(2) ("A party may also state as many separate claims or defenses as it has regardless of consistency.") At this juncture, the Rules allow Plaintiff to raise the competing claims of breach of contract, breach of implied covenant of good faith and fair dealing, and promissory estoppel.

### A. Claim 1, Breach of Contract against DCRC

Defendants move to dismiss the breach of contract claim on the grounds that it fails as a matter of law. Defendants argue that the rescinded offer of employment cannot be a basis for a breach of contract claim because there was not going to be a contract of employment.

Delaware law provides a heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite. *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 102 (Del. 1992) (citing *Heideck v. Kent Gen. Hosp., Inc*., 446 A.2d 1095, 1096 (Del. 1982)). In Delaware, the general rule is that at-will employees may be dismissed at any time without cause. *E.I. Du Pont de Nemours & Co. v. Pressman*, 679 A.2d 436, 443 (1996).

The majority of courts have held that when a proposed employment is at-will, an employer is not liable to a prospective employee for breach of contract if the job offer is withdrawn before

3

the employment began. *See*, *e.g.*, *Levine v. Invensys Building Systems, Inc.*, C.A. No. 03-00546 MV/LFG, 2004 WL 7337878, at *8 (D.N.M. June 14, 2004) (employer is not liable to a prospective employee for breach of contract if the job offer is withdrawn before the employment began); (*Bower v. AT&T Tech., Inc.*, 852 F.2d 361, 363 (8th Cir. 1988) (employer could not be held liable on a breach of contract theory for a promise of future at-will employment because such liability would not exist if the at-will employee were discharged without reason one hour, one day, or one week after commencing his employment); *Goff-Hamel v. Obstetricians & Gynecologists, P.C.*, 588 N.W.2d 798 (Neb. 1999) (at-will employee does not, as a matter of law, have a cause of action for breach of employment contract); *Sartin v. Mazur*, 375 S.E.2d 741 (Va. 1989) (offer for at-will employment is terminable at any time, including the time before the prospective employee assumes the position); *Payne v. FMC Corp.*, C.A. No. 1:90-882-6, 1991 WL 352415, at *4 (D.S.C. July 12, 1991) ("because defendant's offer of employment to plaintiff was for an indefinite period of time, defendant had the right to withdraw that offer before plaintiff actually began working without incurring liability for breach of contract").

The operative pleading alleges that Plaintiff was offered a job, he accepted the job, he received the new hire packet along with his start date, and the offer was rescinded six days before he was to begin his employment. The operative pleading does not indicate whether Plaintiff entered into an employment contract with DCRC or whether he was considered an at-will employee. Nor do the allegations indicate if the employment was for a definite term. In his opposition Plaintiff asserts the position he accepted was covered under the collective bargaining agreement and, thus, implicates the presence of an employment contract. *See e.g.*, *Frangione v. Township of Edison*, C.A. No. 06-2046 (WJM), 2008 WL 2565104 (D.N.J. June 24, 2008) (employment with Township was at-will and non-union, meaning employee was not a member of

4

a union governed by a collective bargaining agreement and no other employment contract governed her employment). This allegation, however, is not contained in the operative pleading and Plaintiff may not amend his pleadings through statements raised in his opposition to the motion to dismiss. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). In any event, if the employment Plaintiff accepted was at-will, then he cannot maintain an action for breach of the employment contract. As pleaded, the Court is unable to discern the nature of his employment status. Therefore, the Court will dismiss claim one.

Plaintiff proceeds *pro se* and he is given some latitude. He will be given leave to amend the breach of contract claim in Claim 1 raised against DCRC.

**B. Claims 2 and 3, Tortious Interference with Contractual Relations and Tortious Interference with Prospective Economic Advantage against DCRC and Miller**

Defendants move for dismissal of Claims 2 and 3 asserting that there was no employment contract because the employment with DCRC would have been at-will. In turn, they argue that there can be no interference with a contract when there is no contract. They also argue that assuming DCRC was a party to a contract, it cannot tortuously interfere with its own contract. As to Miller, Defendants contend dismissal is proper because the operative pleading does not provide facts to support a claim that he utilized wrongful means to induce DCRC to rescind the employment offer.

The elements of a tortious interference with contractual relations claim are well established under Delaware law. "There must be (1) a contract, (2) about which defendant knew and (3) an intentional act that is a significant factor in causing the breach of such contract (4) without justification (5) which causes injury." *Aspen Advisors LLC v. United Artists Theatre Co.*,

5

861 A.2d 1251, 1266 (Del. 2004) (quoting *Irwin & Leighton, Inc. v. W.M. Anderson Co.*, 532 A.2d 983, 992 (Del. Ch. 1987)). "The claim must be directed at a defendant who is not a party to the contract." *MRPC Christiana LLC, et al. v. Crown Bank*, C.A. No. N15C-02-010, 2016 WL 4059139, at *1 (Del. Super. Ct. July 20, 2016) (citing *CPM Indus., Inc. v. ICI Americas, Inc.*, C.A. No. 86C-AP-37, 1990 WL 28574, at *1 (Del. Super. Ct. Feb. 27, 1990)). Conduct amounting to tortious interference has been found actionable even where the third party is lawfully entitled to terminate a contract "at will." *BRP Hold Ox, LLC v. Chilian*, C.A. No. N18C-04-116 CLS, 2018 WL 5734648, at *2 (Del. Super. Ct. Oct. 31, 2018).

To state "a claim for tortious interference with prospective economic advantage, a plaintiff must plead: '(a) the reasonable probability of a business opportunity, (b) the intentional interference by defendant with the opportunity, (c) proximate causation, and (d) damages, all of which must be considered in light of defendant's privilege to compete or protect his business interests in a fair and lawful manner. . . .'" *DeBonaventura v. Nationalwide Mut. Ins. Co.*, 419 A.2d 942, 547 (Del. Ch. 1980); *accord* Restatement (Second) of Torts § 766B. "[T]o plead a reasonable probability of a business opportunity, [a plaintiff] must identify a specific party who was prepared to entered into a business relationship but was dissuaded from doing so by the defendant and cannot rely on generalized allegations of harm." *Agilent Tech., Inc. v. Kirkland*, C.A. No. 3512-VCS, 2009 WL 119865, at *7 (Del. Ch. Jan. 20, 2009) (internal quotations omitted).

With regard to Miller, had Plaintiff adequately alleged a breach of contract claim in Claim 1, the allegations against Miller, liberally construed, would suffice to state a prima facie case for tortious interference with a contract and interference with prospective business relations. The allegations raised against Miller are more than conclusory. Because the Complaint fails to state

6

a breach of contract claim, dismissing the tortious interference claims against Miller is appropriate. Plaintiff will be given leave to amend the tortious interference claims raised against Miller in Claims 2 and 3.

With regard to DCRC, because Plaintiff alleges that DCRC is a party to the alleged employment contract, the claims for tortious interference with a contract against it must be dismissed. Similarly, the reasonable probability of a business opportunity fails because it was DCRC who was prepared to enter into a business relationship with Plaintiff and, as alleged, was dissuaded by Miller.

As discussed, the Court will grant the motions to dismiss Claims 2 and 3 against DCRC and Miller. As already noted, however, Plaintiff will be given leave to amend Claims 2 and 3 against Miller.

### C. Claim 5, Civil Conspiracy against DCRC and Miller

Defendants move to dismiss the civil conspiracy claim as inadequately pleaded. To state a claim for civil conspiracy under Delaware law, a plaintiff must allege "(1) the existence of a confederation or combination of two or more persons; (2) that an unlawful act was done in furtherance of the conspiracy; and (3) that the conspirators caused actual damage to the plaintiff." *Allied Capital Corp. v. GC–Sun Holdings, L.P.*, 910 A.2d 1020, 1036 (Del. Ch. 2006).

Plaintiff seems to allege a civil conspiracy to ensure his job offer was rescinded. As discussed above, the operative pleading does not state a breach of contract claim, Moreover, a breach of contract is not an underlying wrong that can give rise to a civil conspiracy claim. *See Kuroda v. SPJS Holdings., L.L.C.*, 971 A.2d 872, 892 (Del. Ch. 2009). In addition, a tortious interference with a contract claim cannot form the basis for civil conspiracy. *See American Capital Acquisition Partners, LLC v. LPL Holdings, Inc*, C.A. No. 8490-VCG, 2014 WL 354496,

at 11 (Del. Ch. Feb. 3, 2015). Finally, there are no allegations that Miller and DCRC made an agreement to engage in a wrongful act. Therefore, the Court will grant the motion to dismiss Claim Five.

### D. Claim 6, Breach of Implied Covenant of Good Faith and Fair Dealing against DCRC

DCRC moves to dismiss Claim 6 as improperly pleaded and without facts to support a claim against it. Every employment contract made under the laws of Delaware, consonant with general principles of contract law, includes an implied covenant of good faith and fair dealing. *Merrill v. Crothall-American, Inc.*, 606 A.2d at 101. The covenant of good faith and fair dealing limits at-will employment only in very narrow categories: (1) where the termination violated public policy; (2) where the employer misrepresented an important fact and the employee "relied thereon either to accept a new position or remain in a present one"; (3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination. *Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000) (citing *E.I. DuPont de Nemours and Co. v. Pressman,* 679 A.2d at 441–44).

Claim 6 alleges, "DCRC's failure to act in good faith denied me of the fruits of the offer and acceptance agreement." (D.I. 16 at 1). This conclusory statement does not suffice to state a claim for breach of the implied covenant of good faith and fair dealing. Therefore, the Court will grant Defendants' motion to dismiss Claim 6. Plaintiff will be given leave to amend Claim 6 to allege plausible facts to support his assertion.

### E. Claim 7, Slander and Libel against DCRC and Miller

Defendants moves to dismiss Claim 7 as inadequately pleaded, based upon an arbitration decision, protected by common interest privilege, and protected by the First Amendment. Claim

8

7 alleges that Miller provided DCRC an arbitration document that Plaintiff contains false or inaccurate information. Plaintiff alleges the arbitration document refers to FMLA violations raised against him when he was employed by Sunoco, that Plaintiff later sued Sunoco over the FMLA claim and the matter was settled. (D.I. 15 at 1).

> Defamation consists of the "twin torts" of libel (written defamation) and slander (spoken defamation). "Defamation is generally understood as 'a false publication calculated to bring one into disrepute.'" "In general, the scope of liability for slander is not as great as that for libel, and the pleading requirements for slander are more strict." To state a claim for defamation, a plaintiff must plead: (1) a defamatory communication; (2) publication; (3) reference to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury. Usually, a plaintiff must plead special damages to bring a claim for oral defamation. But, if a plaintiff brings a claim for slander per se, special damages are not required. The four types of slander per se are: 1) malign one in a trade, business or profession; 2) impute a crime; 3) imply one has a loathsome disease; or 4) impute unchastity to a woman.

*Optical Air Data Sys., LLC v. L-3 Commc'ns Corp.*, C.A. No. N17C05619EMDCCLD, 2019 WL 328429, at *7 (Del. Super. Ct. Jan. 23, 2019) (internal citations omitted).

Claim 7 fails to state a claim against DCRC. There are no allegations that DCRC intentionally made any false statements about Plaintiff. Rather, the allegations are that Miller provided false information to DCRC, both orally and through written material, information referred to Plaintiff, it defamed Plaintiff's character, and he was injured. The allegations suffice to state a claim against Miller.

Defendants assert that Miller is protected by the qualified common interest privilege against a defamation claim. The qualified common interest privilege protects "communication . . . between two parties who have a common interest for the protection of which the allegedly defamatory communications are made." *Bickling v. Kent Gen. Hosp., Inc.*, 872 F. Supp. 1299, 1307 (D. Del. 1994) (internal quotation marks omitted). Discussions about the "character or qualifications of an employee or former employee made to any person who has a legitimate interest

in the subject matter" may fall within the scope of this privilege. *Id*. (internal quotation marks omitted). The Court finds that assertion of the qualified common interest privilege premature at the pleading stage.

Accordingly, the Court will grant the motion to dismiss Claim 7 against DCRC, and deny the motion to dismiss Claim 7 against Miller.

## IV. CONCLUSION

For the above reasons, the Court will grant in part and deny in part the motion to dismiss. The Court will dismiss the following: (1) all claims against William Messick; (2) Claims 1, 2, 3, 5, 6, and 7 against DCRC; and Claims 2, 3, and 5 against DCRC and Miller. Plaintiff will be given leave to amend Claims 1 and 6 against DCRC and Claims 2 and 3 against Miller. Should Plaintiff fail to file an amended complaint, the case will proceed on Claim 4 against DCRC and Claim 7 against Miller.

An appropriate order will be entered.