IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GEORGE LAMPLUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-218 (MN) |
| | ) |
| PFB ENERGY d/b/a Delaware City Refining | ) |
| Company LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

George Lamplugh, Glen Mills, Pennsylvania.   Pro Se Plaintiff.

Peter L. Frattarelli, Esquire, and Kevin F. Shaw, Esquire, ARCHER & GREINER, P.C., Wilmington, Delaware.   Counsel for Defendants.

March 9, 2021
Wilmington, Delaware

**NOREIKA, U.S. District Judge**:

Plaintiff George Lamplugh ("Plaintiff"), who appears *pro se*, filed this action on February 1, 2019. (D.I. 2). The Court has jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of the parties. Before this Court is Defendants' partial motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 28). The matter has been fully briefed. (D.I. 29, 31, 32).

## I.  BACKGROUND

This case involves an offer of employment by Defendant Delaware City Refining Company ("DCRC"), Plaintiff's acceptance of the job offer, and the rescission of the offer of employment based upon information brought to DCRC allegedly by Defendant Brian Miller ("Miller"). The facts of this case as alleged are set forth fully in this Court's January 28, 2020 Memorandum Opinion and Order. (D.I. 25). On that date, this Court granted-in-part and denied-in-part Defendants' partial motion to dismiss the operative pleading comprised of the original Complaint (D.I. 2) and the Amended and Supplemental Pleadings (D.I. 15). (*See* D.I. 25, 26). This Court dismissed all claims against William Messick; Claims 1, 2, 3, 5, 6, and 7 against DCRC; and Claims 2, 3, and 5 against DCRC and Miller. Plaintiff was given leave to amend Claim 1 (breach of contract) and Claim 6 (breach of implied covenant of good faith and fair dealing) against DCRC and Claim 2 (tortious interference with contractual relations) and Claim 3 (tortious interference with prospective economic advantage) against Miller. (D.I. 26). The Order stated that if Plaintiff failed to file an amended complaint the case would proceed on Claim 4 (promissory estoppel) against DCRC and Claim 7 (libel/slander) against Miller. Plaintiff amended Claims 1, 2, 3, and 6 on March 12, 2020. (D.I. 27).

1

## II. <u>LEGAL STANDARDS</u>

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232-33 (3d Cir. 2008). This Court is not, however, required to accept as true bald assertions, unsupported conclusions or unwarranted inferences. *See Mason v. Delaware (J.P. Court)*, C.A. No. 15-1191-LPS, 2018 WL 4404067, at *3 (D. Del. Sept. 17, 2018). Dismissal under Rule 12(b)(6) is only appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Instead, the pleadings must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson, v. Pardus*, 551 U.S.89, 94 (2007) (citations omitted).

## III. DISCUSSION

### A. Claims Against DCRC

Defendants move to dismiss Claim 1, breach of contract, and Claim 6, breach of implied covenant of good faith and fair dealing, on the grounds that they fail as a matter of law and are preempted by the Labor Management Relations Act ("LMRA"), 29 U.S.C. §§ 151, *et seq*. Plaintiff opposes dismissal on the grounds that "wrongful termination" is an exception to at-will employment and that a wrongful termination includes terminations after an implied contract for employment has been established. (D.I. 31 at 3, 8). Plaintiff also argues that the DCRC new hire packet he received created an implied contract, and that DCRC clearly demonstrated its intent of anticipated employment to Plaintiff. (*Id*. at 8). He contends that the position he was offered and accepted would have been covered under the Collective Bargaining Agreement between DCRC and the United Steel Workers Union. (*Id*. at 4). Plaintiff's opposition to the dismissal of Claims 1 and 6 relies solely upon argument and is unsupported by any cited law.

Claims 1 and 6 of the Amended Complaint are very similar to Claims 1 and 6 of the original operative pleading. As amended, Claims 1 and 6 allege that DCRC offered Plaintiff a job, Plaintiff accepted, DCRC confirmed acceptance of the job, and Plaintiff received a new hire packet. (D.I. 27 at 1, 4). In the Amended Complaint, Claim 1 alleges the position offered was a union represented position and that DCRC mailed a union information card to Plaintiff, and Claim 6 alleges the job was a union position. (*Id*.). Although not mentioned in Claims 1 and 6, attached to the Amended Complaint as Exhibit 3 is the February 10, 2016 letter from DCRC that rescinded the offer of employment. (D.I. 27-3 at 1).

### 1. Preemption

To the extent Plaintiff alleges that he was offered a position subject to the Collective Bargaining Agreement, Claims 1 and 6 are preempted by § 301 of the LMRA. "[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985). A cause of action is preempted by § 301 when "[t]he duties imposed and rights established through the state tort . . . derive from the rights and obligations established by the [collective-bargaining] contract," and resolution of the dispute would therefore "inevitably . . . involve contract interpretation." *Id.* at 217-18. "[I]t would be inconsistent with congressional intent under [§ 301] to pre-empt state rules that proscribe conduct, or establish rights and obligations, independent of a labor contract." *Id*. at 212. Only state law claims "inextricably intertwined with considerations of the terms of the labor contract" are preempted. *Allis-Chalmers*, 471 U.S. at 213.

Liberally construing Plaintiff's allegations, as this Court must, Plaintiff alleges that the Collective Bargaining Agreement serves as the basis for his breach of contract claim. Under Plaintiff's theory of recovery, this Court would consider the rights and obligations established by the union contract and, therefore, Claim 1, breach of contract, is preempted.

Similarly, Claim 6 is also preempted. As previously determined by the Court, "[b]ecause the covenant of good faith and fair dealing can only be understood through reference to the contents of a specific contract, evaluating Plaintiff's claim would require the Court to analyze the contents of the [collective bargaining agreement]. Accordingly, the claim is preempted by the LMRA."

*Watkins v. International Union, Security, Police and Fire Professionals of Am.*, Civ.A. No. 15-444-LPS, 2016 WL 1166323, at *5 (D. Del. Mar. 23, 2016).

Moreover, if Plaintiff's claims are construed under the LMRA, they are time-barred under the LMRA's six-month statute of limitations. *See Ciferni v. Day & Zimmerman, Inc.*, 529 F. App'x 199, 201 (3d Cir. 2013) (§ 301 requires an employee to file a claim within six months after exhausting his contractual remedies under the collective bargaining agreement); *see also DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 163 (1983). The job offer was rescinded on February 10, 2016. Plaintiff did not commence this action until February 1, 2019. His filing of this action is well beyond the six-month limitation period.

As will be discussed, in the alternative, even were the claims not preempted by § 301, Plaintiff did not cure the pleading defects of Claims 1 and 6.

### 2. Breach of Contract

Claim 1 alleges breach of an employee contract. This Court dismissed the claim when it was unable to discern the nature of Plaintiff's employment status. (*See* D.I. 25 at 4-6).

In Delaware, the general rule is that at-will employees may be dismissed at any time without cause. *E.I. Du Pont de Nemours & Co. v. Pressman*, 679 A.2d 436, 443 (1996). Additionally, the majority of courts have held that when a proposed employment is at-will, an employer is not liable to a prospective employee for breach of contract if the job offer is withdrawn before the employment began. *See*, *e.g.*, *Levine v. Invensys Building Systems, Inc*., C.A. No. 03-00546 MV/LFG, 2004 WL 7337878, at *8 (D.N.M. June 14, 2004) (employer is not liable to a prospective employee for breach of contract if the job offer is withdrawn before the employment began); (*Bower v. AT&T Tech., Inc*., 852 F.2d 361, 363 (8th Cir. 1988) (employer could not be held liable on a breach of contract theory for a promise of future at-will employment because such

liability would not exist if the at-will employee were discharged without reason one hour, one day, or one week after commencing his employment); *Goff-Hamel v. Obstetricians & Gynecologists, P.C.*, 588 N.W.2d 798 (Neb. 1999) (at-will employee does not, as a matter of law, have a cause of action for breach of employment contract); *Sartin v. Mazur*, 375 S.E.2d 741 (Va. 1989) (offer for at-will employment is terminable at any time, including the time before the prospective employee assumes the position); *Payne v. FMC Corp.*, C.A. No. 1:90-882-6, 1991 WL 352415, at *4 (D.S.C. July 12, 1991) ("because defendant's offer of employment to plaintiff was for an indefinite period of time, defendant had the right to withdraw that offer before plaintiff actually began working without incurring liability for breach of contract").

As amended, Plaintiff alleges that it is understood that employment relationships are presumed at-will, however, "wrongful termination" is an exception to at-will employment. (D.I. 27 at 5). He also alleges an exception to at-will employment based upon an implied contract in the new hire packet of materials, DCRC handbooks, code of conduct, and policies. (D.I. 27 at 2, 5). The Amended Complaint alleges that several items in the packet "are believed to be expectation of long term employment" and that "representations made by handbooks, communications, and policies" can create an implied contract and the items imply a long term employment relationship. (*Id*. at 2, 5). He further alleges that an implied contract for employment can be created through "employer representations of continued employment." (*Id*. at 5).

The employee handbook Plaintiff relies upon states,

> Unless covered by a collective bargaining agreement, employees of the company are employed at-will, for an indefinite period. This means that either an employee or the company may terminate the employment relationship at any time for any reasons or no reason, unless a collective bargaining agreement states otherwise.

6

(D.I. 29-1 at 69).

>The collective bargaining agreement states,

>>A six-month probationary period for new hires will begin the first day the employee assigned to a work area. The employment of probationary employees may be terminated at the discretion of the Company and such termination shall not be deemed a breach of this Agreement and shall not be subject to grievance and arbitration procedure.

(*Id.* at 35).

It is clear from the employee handbook that unless Plaintiff was covered by a collective bargaining agreement, he was considered an at-will employee, employed for an indefinite period. It is also clear that if Plaintiff was considered an employee covered by the Collective Bargaining Agreement, his position fell under the category of new hire six month probationary employee who could be terminated at the discretion of DCRC and that termination of employment is a breach of the Collective Bargaining Agreement. Thus, Plaintiff's reliance upon the employee handbook and Collective Bargaining Agreement as evidence that he was not considered an at-will employee does not save his breach of contract claim.

The Amended Complaint also alleges that documents in the new hire packet created an implied employee contract. The Amended Complaint does not refer to any specific documents or language contained therein that could be possibly be interpreted as creating an implied employee contract. The general allegations do not provide a factual basis to support the allegations that Plaintiff entered into an employee contract. *See, Carroll v. ABM Janitorial Services-Mid Atl.*, 970 F. Supp. 2d 292, 301 (D. Del. 2013) (existence of unilateral statement of company policies and that does not set out a definite term of employment does not alter plaintiff's at-will employment status"); *Heideck v. Kent Gen. Hosp., Inc.*, 446 A.2d 1095, 1097 (Del. 1982) (employer's "policies and procedures on a number of topics, issued for the guidance and benefit

7

of employees" does not alter at-will status where documents do "not grant to any employee a specific term of employment.").

Based upon the law, the allegations in the Amended Complaint, and documents relied upon to support the claims, the breach of contract claim fails as a matter of law due to Plaintiff's status as an at-will employee.

### 3. Implied Covenant of Good Faith and Fair Dealing

As just discussed, the Amended Complaint alleges an at-will employment. Defendants seek dismissal of Claim 6 on the grounds that the Amended Complaint alleges no new facts to provide a basis for an implied covenant of good faith and fair dealing claim. Plaintiff responds that the implied covenant of good faith and fair dealing against DCRC clearly applies.

Every employment contract made under the laws of Delaware, consonant with general principles of contract law, includes an implied covenant of good faith and fair dealing. *Merrill v. Crothall-American, Inc.*, 606 A.2d 96, 101 (1992). The covenant of good faith and fair dealing limits at-will employment only in very narrow categories: (1) where the termination violated public policy; (2) where the employer misrepresented an important fact and the employee "relied thereon either to accept a new position or remain in a present one"; (3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination. *Lord v. Souder*, 748 A.2d 393, 400 (Del. 2000) (citing *E.I. DuPont de Nemours and Co. v. Pressman*, 679 A.2d at 441-44).

The Amended Complaint does not allege a violation of public policy, does not allege that DCRC made any misrepresentation of an important fact, does not allege DCRC used its superior bargaining power to deprive Plaintiff of clearly identifiable compensation related to his past

service or employment by DCRC, and does not alleges that DCRC falsified or manipulated employment records to create fictitious grounds for termination. As pleaded, Claim 6 is conclusory and not supported by the facts. *See Iqbal*, 556 U.S. 678 (stating that a complaint will not suffice if it "offers [merely] 'labels and conclusions'" or "'naked assertion [s]' devoid of 'further factual enhancement'") (quoting *Twombly*, 550 U.S. at 555, 557). Claim 6 does not state a cognizable claim and will be dismissed.

For the reasons discussed, this Court will dismiss Claims 1 and 6 of the Amended Complaint.

### B. Claims 2 and 3, Tortious Interference with Contractual Relations and Tortious Interference with Prospective Economic Advantage

This Court previously dismissed Claims 2 and 3 as deficiently pleaded when Plaintiff failed to adequately allege a breach of contract claim. (*See* D.I. 25 at 6-8). Plaintiff was given leave to amend Claims 2 and 3. As discussed, however, the Amended Complaint fails to allege a breach of contract claim. Defendants move for dismissal of Claims 2 and 3 based upon the absence of an employment contract. This Court agrees that there is no employment contract and will grant Defendants' motion to dismiss Claims 2 and 3 for the same reasons as those discussed in this Court's January 28, 2020 Memorandum Opinion and Order. (*See id.*).

### IV. CONCLUSION

For the above reasons, the Court will grant the partial motion to dismiss. (D.I. 28). The matter proceeds of the operative pleading (D.I. 2, 15) on Claim 4 against DCRC and Claim 7 against Miller.

An appropriate order will be entered.